UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VASCO LEE HOWARD, III,

        Petitioner,

vs.                        Case No. 2:05-cv-21-FtM-29DNF

J. DIXON; CHARLIE CRIST, Attorney
General of the State of Florida and
SECRETARY, DOC,
        Respondents.
_____

**ORDER**

    This matter comes before the Court upon review of Petitioner's motion for leave to amend or in the alternative motion to stay proceedings in order to exhaust state remedies (Doc. #33), filed December 14, 2007. Respondent did not file a response to the motion and the time for doing so has expired. This matter is now ripe for review.

    Petitioner has pending before this Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). Petitioner challenges his 2001 judgement of conviction for robbery with a firearm for which he was sentenced to thirty years as a habitual offender. Petition at 2. The Petition identifies one ground of ineffective assistance of counsel as relief, although Petitioner points to the following instances where counsel allegedly was ineffective: failure to move for suppression of illegally gained evidence; failure to impeach victim with inconsistent statements; failure to impeach the victim with his

statement and deposition; and failure to argue that the victim did not describe the defendant.  Id. at 4-9.

In the motion *sub judice*, Petitioner requests that the Court permit him to amend his Petition or alternatively stay his pending federal habeas petition to assert three new grounds of "actual innocence." Motion at p. 1. Specifically, Petitioner asserts the following three additional grounds for relief:

> I.  Whether section 812.014(1) and 812.015(1)(d) Florida Statutes (1983) which defines a theft can occur regardless of whether the goods are successfully removed from the store premises applies to those who have completed theft merchandise from store before "force, violence, assault, or putting in fear" is employed?
>
> II. Whether one could properly be convicted of robbery with a firearm under section 812.13 without employing "force, violence, assault, or putting fear" the owner or custodian while taking certain property from store?
>
> III. Whether one who finds it necessary to result to violence in order to escape with the property of another, after completing theft, is chargeable with robbery?

In other words, Petitioner wishes to stay his current federal Motion at p. 3. Essentially, Petitioner argues that the facts of the underlying case do not support the elements of the crime of Robbery with A Firearm under Florida law.  Arguably these additional issues present questions of state law.[1]  Further the Court finds that new grounds do not appear to relate back to the

---

[1] Questions of state law rarely raise issues of federal constitutional significance and, therefore, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983). See also Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000).

original ground asserted in the Petition. Mayle v. Felix, 545 U.S. 644, 659 (2005); Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000).

Further, to permit Petitioner to amend his Petition to include these additional claims would result in the Petition including both grounds that have been exhausted in the state courts and grounds that have not been exhausted --creating a "mixed petition". With respect to mixed petitions, the United States Supreme Court reasoned "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petition to delay the resolution of the federal proceedings." Rhines v. Weber, 544 U.S. 269, 277 (2005).

> [S]tay and abeyance should be available only in **limited circumstances.** Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petition had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Id. (citations omitted)(emphasis added). Additionally, the district court must consider whether a petitioner has engaged in intentionally dilatory litigation tactics before staying a federal petition. Id. at 278. Petitioner provides no explanation as to why he was unable to raise these claims earlier.

Consequently, the Court will deny Petitioner's motion.

ACCORDINGLY, it is hereby **ORDERED**:

Petitioner's motion for leave to amend or in the alternative motion to say proceedings in order to exhaust state remedies (Doc. #33) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of February, 2008.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record